In the Matter of the Claim of DOROTHEA FRISS, Respondent, against A. D. JUILLIARD & CO. INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from an award made by the Workmen's Compensation Board in a death case. The decedent was employed in a mill operated by the appellant employer. It was his job to tend a set of four carding machines. His duties included oiling the machines, checking on their operations and filling their hoppers with raw wool. To get the wool, the decedent had to push a hand cart which, when loaded, weighed about 250 pounds, over an uneven wooden floor. It appears that for a few weeks before his death the decedent had also been tending two extra " pre-carder " machines. The building was not air conditioned and there is evidence that the windows near the place where the decedent worked were not open on the day of his fatal attack, although the temperature was in the mid-90's outside and higher inside. About two hours after he started work that day, the decedent was found lying on the floor of an office not far from his regular station. He complained that he did not feel well. With some assistance, he left the building and went to his car in the parking lot to " get some air ". Less than an hour later, he was found lying in the car with his face red and obviously very ill. He was taken to the office of a nearby physician but was found to be dead on arrival. No autopsy was performed and there were few objective signs to indicate the cause of death. The claimant's medical expert testified that in his opinion the decedent died from a coronary occlusion which was causally related to his work. He reasoned that the decedent must have had a long-standing serious coronary disease and that the physical exertion, combined with the high temperature and inadequate ventilation, overburdened the already weakened heart and precipitated an episode of coronary insufficiency. In view of the expert testimony and the absence of any other explanation of the cause of the decedent's death, and aided by the presumption under section 21 of the Workmen's Compensation Law, the board had a sufficient basis for the award of death benefits. Award unanimously affirmed, with costs to the respondent Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.